The Government seeks a stay of proceedings in the District Court pending disposition of a petition for a writ of mandamus, No. 18-505, ordering dismissal of the suit. In such circumstances, a stay is warranted if there is (1) "a fair prospect that a majority of the Court will vote to grant mandamus," and (2) "a likelihood that irreparable harm will result from the denial of a stay." Hollingsworth v. Perry, 558 U.S. 183, 190, 130 S.Ct. 705, 175 L.Ed.2d 657 (2010)(per curiam) . Mandamus may issue when "(1) 'no other adequate means [exist] to attain the relief [the party] desires,' (2) the party's 'right to issuance of the writ is clear and indisputable,' and (3) 'the writ is appropriate under the circumstances.' " Ibid . (quoting Cheney v. United States Dist. Court for D.C., 542 U.S. 367, 380-381, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) ). "The traditional use of the writ in aid of appellate jurisdiction ... has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." Id . at 380, 124 S.Ct. 2576 (quoting Roche v. Evaporated Milk Assn., 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943) ).
The Government contends that these standards are satisfied here because the litigation is beyond the limits of Article III. The Government notes that the suit *453 is based on an assortment of unprecedented legal theories, such as a substantive due process right to certain climate conditions, and an equal protection right to live in the same climate as enjoyed by prior generations. The Government further points out that plaintiffs ask the District Court to create a "national remedial plan" to stabilize the climate and "restore the Earth's energy balance."
The District Court denied the Government's dispositive motions, stating that "[t]his action is of a different order than the typical environmental case. It alleges that defendants' actions and inactions-whether or not they violate any specific statutory duty-have so profoundly damaged our home planet that they threaten plaintiffs' fundamental constitutional rights to life and liberty." Juliana v. United States, 217 F.Supp.3d 1224, 1261 (D.Ore.2016). The District Court declined to certify its orders for interlocutory review under 28 U.S.C. § 1292(b) (permitting such review when the district court certifies that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation"). See this Court's order of July 30, 2018, No. 18A65 (noting that the "striking" breadth of plaintiffs' below claims "presents substantial grounds for difference of opinion").
At this time, however, the Government's petition for a writ of mandamus does not have a "fair prospect" of success in this Court because adequate relief may be available in the United States Court of Appeals for the Ninth Circuit. When mandamus relief is available in the court of appeals, pursuit of that option is ordinarily required. See S.Ct. Rule 20.1 (petitioners seeking extraordinary writ must show "that adequate relief cannot be obtained in any other form or from any other court " (emphasis added) ); S.Ct. Rule 20.3 (mandamus petition must "set out with particularity why the relief sought is not available in any other court"); see also Ex parte Peru, 318 U.S. 578, 585, 63 S.Ct. 793, 87 L.Ed. 1014 (1943) (mandamus petition "ordinarily must be made to the intermediate appellate court").
Although the Ninth Circuit has twice denied the Government's request for mandamus relief, it did so without prejudice. And the court's basis for denying relief rested, in large part, on the early stage of the litigation, the likelihood that plaintiffs' claims would narrow as the case progressed, and the possibility of attaining relief through ordinary dispositive motions. Those reasons are, to a large extent, no longer pertinent. The 50-day trial was scheduled to begin on October 29, 2018, and is being held in abeyance only because of the current administrative stay.
In light of the foregoing, the application for stay, presented to THE CHIEF JUSTICE and by him referred to the Court, is denied without prejudice. The order heretofore entered by THE CHIEF JUSTICE is vacated.